# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| **MARIA MALDANADO,** | |
| **Plaintiff,** | **CASE NO.  1:09-cv-01166-JDB-egb** |
| **v.** | |
| **THE PICTSWEET CO.,** | **Jury Trial Demanded** |
| **Defendant.** | |

## ANSWER

Defendant, The Pictsweet Company ("Pictsweet"), through undersigned counsel, appears and responds to the Complaint of Plaintiff, Maria Maldanado ("Maldanado") as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1.     Pictsweet admits, upon information and belief, the allegations contained in Paragraph 1.

2.     Pictsweet admits that is operates a facility in the State of Tennessee, County of Crockett, and denies the remaining allegations contained in Paragraph 2.

3.     Pictsweet admits that venue is proper in this Court but denies that it has committed any unlawful act as alleged in Plaintiff's Complaint.

4.     Pictsweet admits that Plaintiff seeks to invoke the jurisdiction of this Court, but denies that it has violated any of the laws or statutes referenced in Paragraph 4 of the Complaint.

## II.
## <u>FACTUAL BASES FOR SUIT</u>

5.     With respect to the allegations contained in Paragraph 5, Pictsweet avers that the statements therein are conclusions of law which require no response; however, Pictsweet admits that Plaintiff was eligible for and had been granted intermittent leave under the Family and Medical Leave Act ("FMLA").

6.     With respect to the allegations contained in Paragraph 6, Pictsweet avers that the statements therein are conclusions of law which require no response; however, Pictsweet admits that it had granted Plaintiff intermittent FMLA leave.

7.     With respect to the allegations contained in Paragraph 7, Pictsweet avers that the statements therein are conclusions of law which require no response; however, in an abundance of caution, Pictsweet denies same.

8.     Pictsweet admits that it received certification from the health care provider of Plaintiff's daughter, indicating Plaintiff's need to transport her daughter, and that Pictsweet approved Plaintiff's request for intermittent FMLA leave.  Pictsweet denies the remaining allegations contained in Paragraph 8.

9.     Pictsweet admits that, on or about February 2, 2009, Plaintiff contacted her supervisor to request FMLA leave to be taken that same day.  Pictsweet denies the remaining allegations contained in Paragraph 9.

10.     Pictsweet admits that Plaintiff had previously requested intermittent FMLA leave on February 3, 2009 and that her request had been approved.

11.     Pictsweet admits that Plaintiff worked her entire shift on February 4, 2009 and denies the remaining allegations contained in Paragraph 11.

12.      Pictsweet denies the averments of Paragraph 12 for lack of sufficient knowledge to justify a belief therein.

13.      Pictsweet admits that Plaintiff received 3.0 attendance points for a "no-call/no-show" on February 2nd and that she was subsequently terminated for exceeding the number of points allowed under Pictsweet's attendance policies.  Pictsweet denies the remaining allegations contained in Paragraph 14.

14.      Pictsweet avers that its policies speak for themselves and admit that Plaintiff's employment was terminated in accordance with its FMLA and attendance policies.  Pictsweet denies the remaining allegations contained in Paragraph 14.

15.      Pictsweet denies the allegations contained in Paragraph 15.

16.      Pictsweet denies the allegations contained in Paragraph 16 and also denies that Plaintiff is entitled to any of the relief requested in the Complaint, including but not limited to the specific relief requested in Paragraph 16.

### III.
### CAUSES OF ACTION

17.      Pictsweet incorporates by reference and reasserts herein all answers and defenses previously asserted.

18.      With respect to the allegations contained in Paragraph 18, Pictsweet avers that no response is required; however, Pictsweet denies that it has violated any laws as alleged in Plaintiff's Complaint.

19.      Pictsweet denies that Plaintiff is entitled to any of the relief requested in the Complaint, including but not limited to the specific relief identified in Paragraph 19.

20.      Plaintiff's jury trial demand does not require a response.

21.     Pictsweet denies all allegations of the unnumbered paragraph which begins with WHEREFORE and is commonly known as the prayer for relief, specifically denying that Plaintiff is entitled to any relief whatsoever, whether equitable or legal, monetary damages, expert fees, and/or attorney fees or reinstatement of Plaintiff.

22.     Defendant denies any allegations in Plaintiff's Complaint not herein admitted, modified, or denied.

## DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, some or all of Plaintiff's claims may be barred by her failure to satisfy applicable conditions present, procedural, and timeliness requirements.

### THIRD DEFENSE

The actions that Pictsweet took with respect to Plaintiff's employment were based on legitimate, lawful factors, and Pictsweet acted in good faith at all times.

### FOURTH DEFENSE

If Plaintiff suffered any injury or damage as alleged, then said injury or damage was proximately caused or contributed to by Plaintiff's own misconduct, thereby barring her claims against Pictsweet.

### FIFTH DEFENSE

To the extent Plaintiff has failed to mitigate her purported damages, if any, she may not recover.

**SIXTH DEFENSE**

Plaintiff's claims are barred or limited by the after acquired evidence doctrine to the extent that she committed misconduct before or during her employment.

**SEVENTH DEFENSE**

Plaintiff may not recover punitive damages because Pictsweet did not engage in any intentional discriminatory practice with malice or with reckless indifference to any of Plaintiff's federally protected rights and because none of Pictsweet's alleged misconduct was wanton, willful or intentional.

WHEREFORE, Pictsweet prays that judgment be entered in its favor, that this action be dismissed with prejudice, that Plaintiff be ordered to pay all costs and attorney fees incurred by Pictsweet in the defense of this matter, and that Pictsweet have such other and further relief, legal and equitable, as this Court deems just and proper and as the proof may show.

This the 31st day of August 2009.

Respectfully submitted,


s/N. Victoria Holladay
N. Victoria Holladay (#18487)
Emily C. Pera (#023830)

FORD & HARRISON LLP
795 Ridge Lake Blvd., Suite 300
Memphis, TN  38120
Ph.:  (901) 291-1500
Fax: (901) 291-1501

Counsel for Defendant
THE PICTSWEET COMPANY

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that a true and correct copy of the foregoing Answer was served upon the following, via the Court's CM/ECF filing system, on this 31st day of August 2009:

> Jonathan L. Bobbitt, Esq.
> Justin S. Gilbert, Esq.
> GILBERT RUSSELL McWHERTER PLC
> 101 North Highland Avenue
> Jackson, TN  38301
> jbobbitt@gilbertfirm.com
> jgilbert@gilbertfirm.com

                        s/N. Victoria Holladay
                        N. VICTORIA HOLLADAY

MEMPHIS:195206.1